# 2000 DTA 150

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAROLINA-FAJARDO**
**PANEL I**

IDALIA DIAZ AYALA, HECTOR M. GARAY SUAREZ Y LA SOC.
LEGAL DE GANANCIALES POR ELLOS COMPUESTA
Demandantes-Apelantes

v.

FIRSTBANK, SUCURSAL DEL VIEJO SAN JUAN

Demandado-Apelado

Núm. KLAN-2000-00536

San Juan, Puerto Rico, a 16 de junio de 2000

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Rivera Pérez y Rodríguez García

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El presente recurso pretende de esta Curia la revisión de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 23 de marzo de 2000, archivada en autos copia de su notificación el 11 de abril de 2000. En dicho dictamen, el tribunal *a quo* desestimó una acción independiente sobre nulidad de sentencia al amparo de la doctrina de cosa juzgada. No estando conforme con la anterior decisión, la parte demandante acude ante nos. Evaluado el mismo, se confirma la sentencia apelada.

### I

El 13 de abril de 1998, Firstbank of Puerto Rico Inc., de ahora en adelante Firstbank, radicó demanda de cobro de dinero contra la señora Idalia Díaz Ayala, el señor Héctor M. Garay Suárez y la Sociedad Legal de Gananciales compuesta por ambos, caso número FCD-98-0877. El 30 de junio de 1998, el Tribunal de Primera Instancia dictó sentencia en rebeldía en dicho caso, condenando a la parte demandada a satisfacer a la parte demandante la cantidad de veinte mil ciento uno dólares con veinte centavos ($20,101.20), más el pago de costas, gastos, intereses legales desde la radicación de la demanda, y la suma de ciento cincuenta dólares ($150) por concepto de honorarios de abogado. ██ La parte aquí apelante radicó *"Moción Para Que Se Deje Sin Efecto Sentencia Dictada en Rebeldía"* el 9 de julio de 1999, ██ al amparo de la Regla 49.2 de Procedimiento Civil, ██ en el caso número FCD98-0877. Alegó que no fue emplazada respecto a la referida demanda de cobro de dinero. Adujo que recibió copia de la misma, por primera vez, el 2 de septiembre de 1998. ██ El tribunal *a quo*, el 6 de agosto de 1999, declaró no ha lugar la solicitud de relevo de sentencia, porque la sentencia había advenido final y firme, y la acción bajo la Regla 49.2 de Procedimiento Civil, era tardía. ██

En vista de lo anterior, el 27 de agosto de 1999, la parte demandada en el pleito inicial, radicó en el Tribunal de Primera Instancia una acción de nulidad de sentencia contra Firstbank en el caso de autos (FAC-99-0487). ██ Adujo que el 2 de septiembre de 1998 se enteró del procedimiento judicial anterior, cuando recibió la visita de un

emplazador, quien le entregó copia de la demanda de cobro de dinero. ■ La parte demandada de autos, Firstbank, presentó *"Solicitud de Desestimación"*. ■ Argumentó que los planteamientos de la parte demandante ya fueron adjudicados en el pleito anterior ante el Tribunal de Primera Instancia (FCD-1998-0877), bajo el mecanismo procesal de relevo de sentencia, por lo que el tribunal *a quo* carece de jurisdicción bajo la doctrina de cosa juzgada. Por otro lado, la parte demandante de autos presentó *"Oposición a Solicitud de Desestimación"*. ■ Adujo que la acción independiente por nulidad de la sentencia ■ está basada en la falta de jurisdicción sobre su persona, porque en el proceso judicial anterior (FCD 98-0877) nunca fue emplazada. Sin embargo, la parte demandada, al solicitar la desestimación de la demanda de autos, se basó en el argumento de fraude al tribunal. ■

El tribunal *a quo* dictó sentencia el 23 de marzo de 2000, ■ archivada en autos copia de su notificación el 11 de abril de 2000. ■ Declaró con lugar la *"Solicitud de Desestimación"* presentada por Firstbank y determinó que las alegaciones de la acción independiente de nulidad de sentencia constituyen una reproducción de las alegaciones contenidas en la moción de relevo de sentencia presentada en el caso anterior (FCD-98-0877). Finalmente, concluyó que la orden dictada el 6 de agosto de 1999 en el caso FCD98-0877 constituye una adjudicación en los méritos y no se pueden reproducir alegaciones, ni originarse litigio alguno entre las mismas partes sobre el mismo asunto. La doctrina de cosa juzgada impide que una parte vuelva a litigar las cuestiones previamente levantadas o que se pudieron plantear. ■

Inconforme con el dictamen recurrido, la parte demandante acude ante nos, señalando como único error cometido por el Tribunal de Primera Instancia el siguiente:

*"ERRO EL HONORABLE TRIBUNAL SUPERIOR AL APLICAR LA DOCTRINA DE COSA JUZGADA EN EL PRESENTE CASO, ESPECIALMENTE ANTE EL HECHO DE QUE LA PARTE PROMOVENTE NUNCA FUE EMPLAZADA Y, POR CONSIGUIENTE, LA SENTENCIA DICTADA EN CONTRA DE ELLA ES NULA E INEXISTENTE."*

## II

El presente recurso requiere que examinemos la corrección de la sentencia apelada, en la que el tribunal *a quo* determinó que la demanda de autos sobre nulidad de sentencia (FAC-99-0487) constituye cosa juzgada. Dicho dictamen se apoyó en que previamente se había considerado en los méritos idéntica controversia, a través de la resolución del 6 de agosto de 1999, dentro del pleito anterior (FCD-98-0877). Dicha resolución denegó la solicitud de relevo de sentencia. Entendemos que el Tribunal de Primera Instancia no cometió el error señalado. Veamos.

La Regla 49.2 de Procedimiento Civil dispone, en lo pertinente:

*"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:*

*(1) Error, inadvertencia, sorpresa, o negligencia excusable;*

*(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*

*(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;*

*(4) Nulidad de la sentencia;*

*(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en*

*vigor; o*

*(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia."*

*Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (3) ó (4). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para: (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada; y (c) dejar sin efecto una sentencia por motivo de fraude al tribunal.*

*..."*.

Existen dos mecanismos a través de los cuales una parte puede obtener el relevo de los efectos de una sentencia dictada sin jurisdicción sobre su persona. ▇ El primero es una solicitud bajo la Regla 49.2 (4), la cual debe ser presentada dentro de los seis (6) meses siguientes de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. ▇ Transcurrido el término de seis (6) meses dispuesto en la Regla 49.2, la parte que desee plantear la nulidad de la sentencia debe recurrir a una acción independiente de nulidad de sentencia. ▇ Ya sea mediante una moción de relevo bajo la Regla 49.2 (4) presentada dentro del mismo pleito en que se dictó la sentencia que se pretende anular, o ya sea mediante una acción independiente, el remedio a ser concedido por el tribunal es el mismo. ▇ La naturaleza del dictamen emitido no admite distinción por el sólo hecho de haber sido dictado en respuesta a una moción interpuesta dentro del pleito original. Este hecho no cambia, ni la naturaleza de la acción de nulidad presentada ni el fallo emitido por el tribunal. ▇

En reiteradas ocasiones, el Tribunal Supremo de Puerto Rico ha resuelto que cuando el Tribunal de Primera Instancia emite una resolución, pero ésta verdaderamente pone fin a una reclamación entre las partes, la referida resolución constituye una sentencia, final o parcial, de la cual puede interponerse un recurso de apelación. ▇ Después de todo, es el contenido del dictamen, no el título que se le de, el que determina su naturaleza. ▇ A estos efectos, en *Banco Santander v. Fajardo Farms Co., supra*, nuestro más alto foro expresó que la resolución de un tribunal respecto a una moción de relevo es una sentencia, por lo que la apelación es el recurso adecuado para revisar la misma. ▇

A tenor con lo anterior, en el presente caso, la resolución del 6 de agosto de 1999 atendió la solicitud de relevo, dispuso en su totalidad y de manera final la controversia relativa a si la sentencia era nula, por falta de jurisdicción sobre la persona. ▇ El recurso procesal apropiado para revisar la referida resolución es el de apelación, el cual no se presentó en el caso inicial de cobro de dinero (FCD-98-0877). Por tanto, la resolución del 6 de agosto de 1999, entiéndase sentencia, advino final y firme, y no procedía una acción independiente por nulidad de sentencia, como segunda oportunidad para la parte aquí apelante. La resolución del 6 de agosto de 1999 constituyó cosa juzgada del asunto allí dispuesto formalmente. Veamos.

El Artículo 1204 de nuestro Código Civil ▇ dispone lo siguiente:

*"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que está invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron."*

La doctrina de cosa juzgada está fundada en consideraciones de orden público y necesidad: por un lado, el interés del Estado en que se le ponga fin a los litigios y en la conveniencia de dar debida dignidad a los fallos de los tribunales; y por otro lado, la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. Su propósito es articular el principio de seguridad jurídica que está

fuertemente arraigado en nuestro ordenamiento jurídico. La aplicación de esta doctrina impide también relitigar, no sólo lo que se litigó, sino aquello que se pudo haber litigado en la causa anterior. No obstante, la defensa de cosa juzgada no constituye una norma absoluta e inflexible. Se ha establecido como norma por nuestro más alto tribunal, la no aplicación de la doctrina de cosa juzgada cuando están presentes cuestiones de política pública que así lo exijan. 

A los efectos de la precitada disposición de ley, la cosa responde al objeto o contenido de la acción, mientras que la causa se refiere al motivo fundamental u origen de las acciones y excepciones postuladas y resueltas, no a los medios de prueba ni a los fundamentos legales de la demanda. Se constituye el requisito de identidad de causas cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma. Para cumplir con el requisito de identidad de cosas, basta que se refiera al mismo asunto, aunque en él no se abundase totalmente y sólo parcialmente en el otro. 

La aplicación de la doctrina de cosa juzgada en esta jurisdicción tiene varias excepciones, de orden equitativo. Si la aplicación rigurosa de la doctrina de cosa juzgada derrota en la práctica un interés público, los tribunales deberán inclinarse hacia la solución que garantice completa justicia, en lugar de favorecer en forma rígida una ficción de ley que obedece fundamentalmente a un principio de conveniencia y orden procesal. 

Para invocar con éxito la defensa de cosa juzgada, precisa no sólo la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron, sino también que la sentencia anterior por su naturaleza o por disposición de ley resuelva definitivamente el asunto. 

En vista de lo anterior, dentro del pleito inicial sobre cobro de dinero, la resolución del 6 de agosto de 1999 atendió la controversia sobre falta de jurisdicción sobre la persona. La parte demandante de autos pretende ahora relitigar la referida controversia anteriormente adjudicada, instando una acción independiente por nulidad de sentencia por falta de jurisdicción sobre la persona. Esto, ciertamente es improcedente.

## III

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General